**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**BOBBY FRANKLIN McREYNOLDS,
ADC #088361**                                                                                          **PLAINTIFF**

**V.**                            **CASE NO. 1:17-CV-00009 JLH/BD**

**LARRY MAY, et al.**                                                                                  **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**   **Background**

Bobby Franklin McReynolds, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit complaining that Defendant May and other ADC employees transferred him to the North Central Unit of the ADC in retaliation for

exercising his first amendment rights.[1]  (Docket entry #2)  Defendant May is the only Defendant remaining in the lawsuit, and he has now moved to dismiss Mr. McReynolds's remaining retaliation claim.  (#10)  Mr. McReynolds has responded, opposing the motion.  (#13)  For reasons explained below, the motion (#10) should be GRANTED.

### III.    Discussion

Mr. McReynolds alleges that, in 1993, while he was incarcerated in the North Central Unit of the ADC, he was charged with possessing illegal drugs.  Defendant May, who was then Warden of the North Central Unit, testified against Mr. McReynolds in his state-court criminal trial.  Mr. McReynolds was acquitted.

He alleges that, around the time of the trial, Defendant May agreed that Mr. McReynolds would not be sent back to the North Central Unit if he would agree not to file any more civil lawsuit against "them."  (#2 at p.7)  Mr. McReynolds further alleges that, a few months later, Defendant May came to see him at the Cummins Unit and told him that he "was going to reach and get me and bring me back up there to the North Central Unit." (*Id.*)  Mr. McReynolds filed a "1983 form" against Defendant May for making those perceived threats.

In 1994, Mr. McReynolds filed a civil lawsuit against six former ADC employees, including Defendant May.  *McReynolds v. May, et al.*, E.D. Ark. Case No. 5:94-417

---

[1] The Court previously dismissed the remaining claims raised by Mr. McReynolds in his complaint.  (#8)

(*McReynolds I*). That case was ultimately dismissed after Mr. McReynolds was released from custody. (*McReynolds I*, docket entries #23, #25, #26)

In this lawsuit, Mr. McReynolds claims that Defendant May transferred, or arranged for his transfer, to the North Central Unit in retaliation for his filing the 1994 civil lawsuit. To state a retaliation claim against Defendant May, Mr. McReynolds must state facts showing that he engaged in constitutionally protected activity; that Defendant May took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and that retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

The primary problem with Mr. McReynolds claim is that more than twenty years have passed since Mr. McReynolds's "constitutionally protected activity." Under settled case law, "[t]he lack of a temporal connection between the protected activity and the alleged retaliation dispels any inference of a casual connection." *Lewis*, 486 F.3d at 1029; *Kipp v. Mo. Highway & Transp. Comm'n,* 280 F.3d 893, 897 (8th Cir. 2002). In this case, the considerable time lag between Mr. McReynolds's protected activity, *i.e.*, the 1994 lawsuit, and his transfer to the North Central Unit twenty years later, is fatal to Mr. McReynolds's pending retaliation claim.

Furthermore, court records in a previous case show that Defendant May retired from the ADC in 2013, that is, more than three years before Mr. McReynolds's recent

transfer to the North Central Unit. See *Jones v. Golden*, 2015 WL 925893, *4 (E.D. Ark. 2015).

### III. Conclusion

The Court recommends that Defendant May's motion to dismiss (#10) be GRANTED. Mr. McReynolds's retaliation claim should be DISMISSED, with prejudice, for failure to state a constitutional claim.[2] The Court further recommends that the Court certify that this dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 3rd day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that Mr. McReynolds seeks money damages against Defendant May in his official capacity, those claims, of course, are barred by sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).